IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

BERNARD HEINZ
549 S. First Road
Hammonton, NJ 08037

        Plaintiff,

v.

DUBELL LUMBER CO.
148 Route 70 East
Medford, NJ 08055

        Defendants.

CIVIL ACTION NO.: _____

JURY TRIAL DEMANDED

## CIVIL ACTION COMPLAINT

Plaintiff, Bernard Heinz ("Plaintiff"), by and through his undersigned attorney, alleges on behalf of himself and a class of similarly situated former employees of Defendant, by way of his Class Action Complaint against Defendant DuBell Lumber Co. ("Defendant"), as follows:

### INTRODUCTION

1. Plaintiff brings this Class Action Complaint contending that Defendant has improperly terminated Plaintiff and a class of similarly situated former employees of Defendant without sixty (60) days' advance written notice as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. §2101 *et seq.* and the New Jersey Millville Dallas Airmotive Plant Job Loss Notification Act ("New Jersey WARN Act"), PL. 2007, c. 212, C.34:21-2.

### PARTIES

2. Plaintiff Bernard Heinz is a citizen of the United States and New Jersey, and currently maintains a residence at 549 S. First Road, Hammonton, New Jersey 08037.

3. Upon information and belief, Defendant DuBell Lumber Co. is a for-profit business organized and existing under the laws of the State of New Jersey.

4. Defendant maintained and operated its corporate headquarters located at 148 Route 70, Medford, New Jersey 08055, and operated additional facilities as that term is defined by the WARN Act in Cherry Hill, Millville, Pleasantville, Vineland, and Winslow, New Jersey (the "Facilities").

5. Until on or about February 9, 2019, the Plaintiff and all similarly situated employees were employed by Defendant and worked at or reported to one of Defendant's Facilities.

6. On February 9, 2019, Defendant terminated the employment of Plaintiff and the other similarly situated former employees and closed the Facilities.

## JURISDICTION AND VENUE

7. Paragraphs 1 through 6 are hereby incorporated by reference as though the same were fully set forth at length herein.

8. This court has jurisdiction over this action pursuant to 28 U.S.C. §1331, §1334, and §1367 and 29 U.S.C. §2104(a)(5).

9. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (B), and (O).

10. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as Plaintiff's WARN Act claims.

11. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the Defendant resides in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in this district.

## FACTUAL ALLEGATIONS PERTAINING TO ALL CLAIMS

12. Paragraphs 1 through 11 are hereby incorporated by reference as though the same were fully set forth at length herein.

13. On February 6, 2019, Defendant notified Plaintiff and similarly situated employees that it would be closing its operations and laying off employees at the Facilities.

14. On or about February 9, 2019, and within thirty (30) days of that date, Defendant terminated the employment of its approximately one hundred and fifty-seven (157) or so full-time employees.

15. Plaintiff Bernard Heinz was an employee of Defendant until his termination on or about February 9, 2019.

## FIRST CLAIM FOR RELIEF

## WARN CLASS ALLEGATIONS, 29 U.S.C. §2104

16. Paragraphs 1 through 15 are hereby incorporated by reference as though the same were fully set forth at length herein

17. Plaintiff brings the First Claim for Relief for violation of 29 U.S.C. §2101 *et seq.* on behalf of himself and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. §2104(a)(5) and Fed. R. Civ. P. 23(a), who worked at or reported to one of Defendant's Facilities and were terminated without cause on or about February 9, 2019, and within thirty (30) days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings by Defendant on or about February 9, 2019, and who are affected employees, within the meaning of 29 U.S.C. §2101(a)(5) (the "WARN Class").

18. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such

persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant and upon information and belief number around one hundred and fifty-seven (157) persons.

19. Upon information and belief, the identity of the members of the class and the recent residence address of each WARN Class Member is contained in the books and records of Defendant.

20. Upon information and belief, the rate of pay and benefits that were paid by Defendant to each WARN Class Member at the time of his/her termination is contained in the books and records of the Defendant.

21. Common questions of law and fact exist as to members or the WARN Class, including, but not limited to the following:

   a. Whether the members of the WARN Class were employees of the Defendant who worked at or reported to Defendant's Facilities;

   b. Whether Defendant unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them sixty (60) days' advance written notice in violation of the WARN Act; and

   c. Whether Defendant unlawfully failed to pay the WARN Class Members sixty (60) days' wages and benefits as required by the WARN Act.

22. Plaintiff's claims are typical of those of the WARN Class. Plaintiff, like other WARN Class Members, worked at or reported to one of Defendant's Facilities and was terminated without cause on or about February 9, 2019, in mass layoffs and/or plant closings, as defined by 29 U.S.C. §2101(a)(2), (3), by Defendant.

23. Plaintiff will fairly and adequately protect the interests of the WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

24. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution in this litigation.

25. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and resources of the parties, and is the most efficient means of resolving the WARN Act rights of all members of the Class.

26. The Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF THE WARN ACT, 29 U.S.C. §2104

27. Paragraphs 1 through 26 are hereby incorporated by reference as though the same were fully set forth at length herein.

28. At all relevant times, Defendant employed more than one hundred (100) employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

29. At all relevant times, Defendant was an "employer", as that term is defined in 29 U.S.C. §2101(a)(1) and 20 C.F.R. §639(a), and continued to operate as a business enterprise until it decided to effect mass layoffs or plant closings at the Facilities.

30. Upon information and belief, on or about February 9, 2019, Defendant effectuated mass layoffs and/or plant closings at the Facilities, as those terms are defined by 29 U.S.C. §2101(a)(2).

31. The mass layoffs or plant closings at the Facilities resulted in "employment losses", as that term is defined by 29 U.S.C. §2101(a)(2), for at least one hundred (100) of Defendant's employees and/or more than thirty-three percent (33%) of Defendant's workforce at the Facilities, excluding "part-time employees", as that term is defined by 29 U.S.C. §2101(a)(8).

32. Plaintiff and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings by Defendant at the Facilities.

33. Plaintiff and the WARN Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. §2101(a)(5).

34. Defendant was required by the WARN Act to give the Plaintiff and the WARN Class Members at least sixty (60) days' advance written notice of their terminations.

35. Defendant failed to give Plaintiff and the WARN Class Members at least sixty (60) days' advance written notice of their terminations, instead notifying them on February 6, 2019, that they would be terminated on February 9, 2019.

36. Defendant failed to give the Plaintiff and WARN Class Members written notice that complied with the requirements of the WARN Act.

37. Plaintiff and each of the Class Members are "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. §2104(a)(7).

38. Defendant failed to pay Plaintiff and each of the WARN Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under COBRA for sixty (60) days from and after the dates of their respective terminations.

## THIRD CLAIM FOR RELIEF

## NEW JERSEY WARN ACT CLASS ALLEGATIONS

39. Paragraphs 1 through 38 are hereby incorporated by reference as though the same were fully set forth at length herein.

40. The Plaintiff brings this claim for violation of the New Jersey Millville Dallas Airmotive Plant Job Loss Notification Act ("New Jersey WARN Act"), PL. 2007, c. 212, C.34:21-2, on behalf of a class of similarly situated persons pursuant to the New Jersey WARN Act and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to one of Defendant's Facilities and were terminated without cause on or about February 9, 2019 (the "New Jersey WARN Class").

41. The persons in the New Jersey WARN Class identified above ("New Jersey WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of

that number can be based are presently within the sole control of Defendants. However, upon information and belief there are approximately one hundred and fifty-seven (157) class members.

42. Upon information and belief, the identity of the members of the class and recent residence address each of the New Jersey WARN Class Members is contained in the books and records of Defendant.

43. Upon information and belief, the rate of pay and benefits that were being paid by Defendant to each New Jersey WARN Class Member at the time of his/her termination is contained in the books and records of the Defendant.

44. Common questions of law and fact exist as to members of the New Jersey WARN Class, including, but not limited, to the following:

   a. Whether the Defendant was the employer of the members of the New Jersey WARN Class;

   b. Whether Defendant unlawfully terminated the employment of the members of the New Jersey WARN Class without cause on their part and without giving them sixty (60) days' advance written notice in violation of the New Jersey WARN Act; and

   c. Whether Defendant unlawfully failed to pay the New Jersey WARN Class members one week of severance for each year of employment and benefits as required by the New Jersey WARN Act.

45. The Plaintiff's claims are typical of those of the New Jersey WARN Class. The Plaintiff, like other New Jersey WARN Class members, worked at or reported to one of Defendant's Facilities and was terminated on or about February 9, 2019, by Defendant.

46. The Plaintiff will fairly and adequately protect the interests of the New Jersey WARN Class. The Plaintiff has retained counsel competent and experienced in complex class actions on behalf of employees, including the New Jersey WARN Act, the federal WARN Act, other similar state laws, and employment litigation.

47. Class certification of these Claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New Jersey WARN Class predominate over any questions affecting only individual members of the New Jersey WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of New Jersey WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants, and damages suffered by individual New Jersey WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

48. Concentrating all the potential litigation concerning the New Jersey WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties, and is the most efficient means of resolving the New Jersey WARN Act rights of all members of the Class.

49. The Plaintiff intends to send notice to all members of the New Jersey WARN Class to the extent required by Rule 23.

## FOURTH CLAIM FOR RELIEF

## NEW JERSEY WARN ACT

50. Paragraphs 1 through 49 are hereby incorporated by reference as though the same

were fully set forth at length herein.

51. Upon information and belief, on or about February 9, 2019, Defendant effectuated mass layoffs and/or plant closings at the Facilities, terminating around one hundred and fifty-seven (157) employees, including Plaintiff and the members of the New Jersey WARN Class.

52. Plaintiff and the New Jersey WARN Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closing by Defendant at the Facilities.

53. Defendant failed to give Plaintiff and the New Jersey WARN Class Members at least sixty (60) days' advance written notice of the terminations, instead notifying them on February 6, 2019, that they would be terminated on February 9, 2019.

54. Defendant failed to give Plaintiff and the New Jersey WARN Class Members written notices that complied with the requirements of the New Jersey WARN Act.

55. Defendant failed to pay Plaintiff and each of the New Jersey WARN Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under COBRA for sixty (60) days from and after the dates of their respective terminations.

56. Defendant failed to pay Plaintiff and the New Jersey WARN Class Members one week of severance for each year of employment and benefits as required by the New Jersey WARN Act.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendant:

A. Certification of this action as a class action;

B. Designation of the Plaintiff as the Class Representative;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of the Plaintiff and the other similarly situated former employees equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension, and 401(k) contributions and other COBRA benefits, for sixty (60) days, or one week of severance for each year of employment, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. §2104(a)(1)(A), and the New Jersey WARN Act, PL. 2007, c. 212, C.34:21-6, including any civil penalties; and

E. Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted

MURPHY LAW GROUP, LLC

By: _____
Michael Murphy, Esquire
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
Attorneys for Plaintiff

Dated: 3/20/19

## DEMAND TO PRESERVE EVIDENCE

The Defendants is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.