IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| BERNARD HEINZ, | |
| Plaintiff, | |
| v. | Civil No. 19-8778 (RBK/KMW) |
| | **OPINION** |
| DUBELL LUMBER CO., | |
| Defendant. | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Plaintiff Bernard Heinz's Motion for class certification (Doc. No. 6) and Motion for default judgment (Doc. No. 7). Plaintiff is a former employee of Defendant Dubell Lumber Co., who contends that he and at least 157 other employees were terminated without timely notice as required under the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq*., and the New Jersey Millville Dallas Airmotive Plant Job Loss Notification Act ("New Jersey WARN Act"), N.J.S.A. 34:21–1 *et seq*. For the reasons set forth below, both of Plaintiff's motions are **DENIED** without prejudice.

I.   BACKGROUND

Defendant operated facilities in Cherry Hill, Millville, Pleasantville, Vineland, and Winslow, New Jersey. (Doc. No. 1 ("Compl.") at ¶ 4). Defendant had more than 100 employees who in the aggregate worked at least 4,000 hours per week. (*Id*. at ¶ 28). Plaintiff was one of Defendant's employees. (*Id*. at ¶ 15). On February 6, 2019, Defendant notified Plaintiff and other

1

employees that it was ceasing its operations and laying off its employees at the Cherry Hill, Millville, Pleasantville, Vineland, and Winslow facilities. (*Id*. at ¶ 13). Within thirty days of February 9, 2019, Defendant laid off approximately one hundred and fifty-seven full-time employees. (*Id*. at ¶ 14). Plaintiff was terminated on February 9, 2019. (*Id*. at ¶ 15).

On March 20, 2019, Plaintiff initiated this action by filing his Complaint. On May 7, 2019, a John Bambach executed a waiver of service of the summons on behalf of Defendant. (Doc. No. 4). Despite executing this waiver, Defendant never filed an answer or other responsive pleading. As such, May 28, 2019, the Clerk entered default against Defendant at Plaintiff's request. (Doc. No. 5). On July 8, 2019, Plaintiff filed the present Motion for class certification and Motion for default judgment.

## II. DISCUSSION

To begin, the Court notes that the Clerk's entry of default in this case is no barrier to the certification of Plaintiff's proposed class. *See Fayun Luo v. Qiao Xing Universal Resources*, No. 12-45, 2017 WL 2470248, at *2 (D.V.I. June 6, 2017) (granting class certification where defendant failed to appear and clerk entered default); *Skeway v. China Natural Gas, Inc.*, 304 F.R.D. 467, 472 (D. Del. 2014) (explaining that "any other conclusion might give defendants an incentive to default in situations where class certification seems likely" (internal quotation omitted)). Consequently, the Court first considers Plaintiff's Motion for class certification, before turning to his Motion for default judgment.

### A. Rule 23 Class Certification

The WARN Act provides that employers with more than one hundred employees may not order a "plant closing or mass layoff" without providing at least sixty days' written notice to the affected employees. 29 U.S.C. §§ 2101–02; *see In re APA Trans. Corp. Consol. Litig.*, 541 F.3d

233, 248 (3d Cir. 2008) (characterizing the WARN Act as a "strict liability" statute). The New Jersey WARN Act contains an analogous notice requirement. N.J.S.A. 34:21–2(a). Plaintiff seeks to certify the following class to bring WARN Act claims:

> all persons who worked at or reported to one of Defendant's Facilities and were terminated without cause on or within thirty (30) days of February 9, 2019, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings by Defendant on or within (30) days of February 9, 2019.

(Doc. No. 6-3 at 1). Plaintiff also seeks to certify a New Jersey WARN Act class of "all persons who worked at or reported to one of Defendant's facilities and were terminated without cause on or about February 9, 2019." (*Id*. at 2)

To certify a class under Rule 23, a plaintiff must satisfy Rule 23(a)'s four requirements and one of Rule 23(b)'s three subsections. *See In re Pet Food Prod. Liab. Litig.*, 629 F.3d 333, 341 (3d Cir. 2010). Under Rule 23(a), the plaintiff must show:

> (1) numerosity (a "class so large that joinder of all members is impracticable");
> (2) commonality ("questions of law or fact common to the class");
> (3) typicality (named parties' claims and defenses "are typical . . . of the class"); and
> (4) adequacy of representation (representatives "will fairly and adequately protect the interests of the class").

*Id.* at 341 n.14 (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997)) (alterations omitted). Under Rule 23(b)(3), which Plaintiff invokes here, certification is proper if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

A plaintiff must show that these requirements are met by a preponderance of the evidence, and a court "must make whatever factual and legal inquiries are necessary and must consider all relevant evidence and arguments presented by the parties." *In re Hydrogen Peroxide Antitrust*

3

*Litig.*, 552 F.3d 305, 306 (3d Cir. 2008). Thus, a court should certify a class only if the court finds, after a "rigorous analysis," that Rule 23's requirements are met. *See Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982). Further, courts must be careful to properly analyze each of Rule 23's requirements separately, rather than conflating two or more requirements together. *See Byrd v. Aaron's, Inc.*, 784 F.3d 154, 172 (3d Cir. 2015) (emphasizing that "[p]recise analysis of *relevant* Rule 23 requirements will always be necessary").

In addition to these explicit requirements, the class must also be clearly defined and objectively ascertainable. *See Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 591 (3d Cir. 2012). A class is ascertainable if it is (1) "defined with reference to objective criteria; and (2) there is a reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition." *Byrd v. Aaron's Inc.*, 784 F.3d 154, 163 (3d Cir. 2015). Further, "a plaintiff [need not] be able to identify all class members at class certification—instead, a plaintiff need only show that class members *can* be identified." *Id*. (internal quotation omitted). Importantly, ascertainability is a distinct inquiry from predominance, as "the ascertainability requirement focuses on whether individuals fitting the class definition may be identified without resort to mini-trials, whereas the predominance requirement focuses on whether essential elements of the class's claims can be proven at trial with common, as opposed to individualized, evidence." *Id*. (internal quotation omitted).

Plaintiff does nothing to address the ascertainability requirement, as his brief is devoid of any mention of the subject. Although the Court can judge for itself whether Plaintiff's proposed classes are defined with reference to objective criteria, Plaintiff has not carried his burden to show that there is an administratively feasible mechanism for identifying class members. Because Plaintiff has left the Court in the dark on ascertainability, and because ascertainability is "an

essential prerequisite of a class action," the Court cannot certify either of Plaintiff's proposed classes at this time. *Marcus*, 687 F.3d at 592. As such, Plaintiff's motion will be denied without prejudice.

### B. Default Judgment

While Plaintiff seeks default judgment against Defendant on the class claims, entering default judgment against Defendant would preclude Plaintiff from certifying his proposed classes. *See Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 547–48 (1974) (explaining that it is unfair to allow putative class members to join action after entry of judgment in favor of the named plaintiff, as only the named plaintiff would have been bound by judgment for the defendant). As the Court presumes that Plaintiff would like to seek class certification again, Plaintiff's Motion for default judgment will be denied without prejudice. *See Abarca v. KC Consulting Grp., Inc.*, No. 16-213, 2018 WL 2215516, at *8 (D.N.J. May 14, 2018) (denying motion for default judgment where plaintiffs' intentions regarding class certification were unclear). If Plaintiff would prefer to abandon the class claims and seek default judgment only for himself, he may do so by an appropriate motion.

## III. CONCLUSION

For the forgoing reasons, Plaintiff's Motion for class certification (Doc. No. 6) is **DENIED WITHOUT PREJUDICE** and his Motion for default judgment (Doc. No. 7) is **DENIED WITHOUT PREJUDICE**. Plaintiff may file a renewed motion for class certification or a renewed motion for default judgment on or before March 24, 2020.

Dated: 03/03/2020 /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge