IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| BERNARD HEINZ, | CIVIL No.: 1:19-cv-08778-RBK-KMW |
| Plaintiff, | |
| v. | |
| DUBELL LUMBER COMPANY, | |
| Defendants. | |

---

## **RENEWED MOTION OF PLAINTIFF AND CLASS MEMBERS FOR DEFAULT JUDGMENT**

Class Representative, Bernard Heinz ("Plaintiff"), and the Classes of similarly situated former employees ("Class Members") of Defendant DuBell Lumber Company ("Defendant") terminated without sixty (60) days' advance written notice as required by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §2101 *et seq.* ("WARN Act") and the New Jersey Millville Dallas Airmotive Plant Job Loss Notification Act, N.J.S. § 34:21-1 *et seq.* ("New Jersey WARN Act"), hereby move before this Honorable Court for Default Judgment against Defendant.

Specifically, Plaintiff hereby moves for the entry of default judgment in the amount of $164,212.00 representing the specific amount of damages Plaintiff has incurred. The Class Members move for the entry of default judgment and the scheduling of an evidentiary hearing in order to assess the nature and extent of Class Members damages, and any other relief the Court deems appropriate.

Plaintiff's arguments in support of this Motion are more fully explained in the accompanying Memorandum of Law and attached exhibits, which are incorporated into this Motion by reference.

Respectfully submitted,

MURPHY LAW GROUP, LLC

*/s/ Andrew J. Schreiber*
Andrew J. Schreiber, Esq.
Michael Murphy, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: (267) 273-1054
FAX: (215) 525-0210
murphy@phillyemploymentlawyer.com
aschreiber@phillyemploymentlawer.com
*Attorneys for Plaintiff*

Dated: December 6, 2021

## CERTIFICATE OF SERVICE

I, Andrew J. Schreiber, Esq., hereby certify that on December 06, 2021, I caused a true and correct copy of the foregoing to be sent via first class mail to the following parties:

DuBell Lumber Company
c/o David Smith, Esq.
112 Moores Road, Suite 300
Malvern, PA 19355

DuBell Lumber Company
148 Route 70
Medford, NJ 08055

DuBell Lumber Company
c/o Chris DiMedio
3 Spring Oak Drive
Newtown, PA 18940

　　　　　　　　　　　　　　　　　　　　　　  /s/ Andrew J. Schreiber
　　　　　　　　　　　　　　　　　　　　　　 Andrew J. Schreiber, Esq.

Dated: December 06, 2021

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BERNARD HEINZ, | : | CIVIL No.: 1:19-cv-08778-RBK-KMW |
| Plaintiff, | : | |
| v. | : | |
| DUBELL LUMBER COMPANY, | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF RENEWED MOTION OF PLAINTIFF AND CLASS MEMBERS FOR DEFAULT JUDGMENT**

Class Representative, Bernard Heinz ("Plaintiff"), and the Classes of similarly situated former employees ("Class Members") of Defendant DuBell Lumber Company ("Defendant") terminated without sixty (60) days' advance written notice as required by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §2101 *et seq.* ("WARN Act") and the New Jersey Millville Dallas Airmotive Plant Job Loss Notification Act, N.J.S. § 34:21-1 *et seq.* ("New Jersey WARN Act"), hereby move before this Honorable Court for Default Judgment against Defendant.

I.    INTRODUCTION AND FACTUAL BACKGROUND

On or about March 20, 2019, Plaintiff initiated this action by filing a collective and class action complaint with this Court. In pertinent part, Plaintiff contends that Defendant violated the WARN Act and the New Jersey WARN Act by closing its plants in Cherry Hill, Medford, Millville, Pleasantville, Vineland, and Winslow, New Jersey (the "Facilities") and laying off its roughly one hundred and fifty-seven (157) employees without providing sixty (60) days' notice of the plant closures and layoffs as required by both statutes. See Complaint, Docket Entry No. 1 at ¶¶ 1, 4, 6, and 14.

In relevant part, the WARN Act provides that employers with one hundred (100) or more employees may not order a "plant closing" or a "mass lay-off" without providing at least sixty (60) days' written notice to each employee who will be terminated as part thereof and that if the proper notice is not given the employer is liable for pay and benefits for the days that notice was not given. Campbell v. A-P-A Transp. Corp. (In re A-P-A Transp. Corp. Consol. Litig.), No. 02-3480, 2005 U.S. Dist. LEXIS 28122, at *3-4 (D.N.J. Nov. 15, 2005) (citing 29 U.S.C. §§ 2101(a)(1), 2101(a)(2), and 2104). The New Jersey WARN Act is essentially an analogue of the federal WARN Act and is usually interpreted the same way. DeRosa v. Accredited Home Lenders, Inc., 420 N.J. Super. 438, 453-54, 22 A.3d 27, 36 (N.J. Super. App. Div. 2011).

Plaintiff and Class Members were employed by Defendant. See Complaint, Docket Entry No. 1 at ¶ 5. On February 6, 2019, Defendant notified Plaintiff and the Class Members that it would be closing its operations and laying off all its employees in three days. Id. at ¶¶ 13, 38. Defendant did then terminate approximately one hundred and fifty-seven (157) employees just three days later on February 9, 2019. Id. at ¶ 14. The Defendant thus engaged in plant closures and a mass lay-off without giving the sixty (60) days' notice required by the WARN Act and New Jersey WARN Act. Id. at ¶¶ 28-38, 51-56.

Plaintiff has sought, and this Court has subsequently granted, the certification of two classes pursuant to Fed. R. Civ. P. 23(a): (1) Certification as a class for the WARN Act claims of all persons "who worked at or reported to one of Defendant's Facilities and were terminated without cause on or within thirty (30) days of February 9, 2019, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings by Defendant on or within thirty (30) days of February 9, 2019 (the "WARN Class"); and (2) certification as a class for the New Jersey WARN Act claims of all persons "who worked at or reported to one of

Defendant's Facilities and were terminated without cause on or about February 9, 2019" (the "New Jersey WARN Class"). See Docket Entry No. 14.

The Plaintiff and Class Members seek under the WARN Act respective wages, salary, commissions, bonuses, accrued holiday pay, pension and 401(k) contributions, and health benefits for up to sixty (60) days from their respective terminations and, additionally, under the New Jersey WARN Act, one week of several pay for each year of employment. See Complaint, Docket Entry No. 1 at ¶38 and ¶56.

The Complaint was filed on March 20, 2019, and copies of the Complaint and Waiver of Service forms were mailed to Defendant on March 21, 2019. See Ex. A, Declaration of Michael Murphy, Esq., at ¶ 3. On May 7, 2019, the waiver form was executed by John Bambach, who is authorized by law to accept service of process for Defendant, on behalf of Defendant. See id. at ¶ 4. The executed waiver of service was filed with this Court on May 8, 2019. See id. at ¶ 5. Defendant's Answer or other responsive pleading was due on May 20, 2019; however, Defendant has not answered or otherwise appeared in this action, nor has any representative contacted this office to request an extension of time to answer or otherwise appear. See id. at ¶¶ 6-7. Upon Plaintiff's request, Default was entered by the Clerk on May 28, 2019. See id. at ¶ 8. Defendant DuBell Lumber Company is a business and not an infant or an incompetent person. See id. at ¶ 9.

On March 24, 2020, Plaintiff filed both a Motion for Class Certification and a Motion for Default Judgment. See Docket Entry No. 11 and 12. On November 23, 2020, this Court granted Plaintiff's Motion for Class Certification. See Docket Entry No. 14. This Court denied Plaintiff's Motion for Default Judgment without prejudice, explaining that pursuant to Rule 23(b)(3), class members have the right to opt-out and that, "Plaintiff has not sent notice to the proposed class members, and therefore by entering a default judgment, this Court would be binding persons whose

rights are at issue without first giving them proper notice." See Docket Entry No. 14. Accordingly, this Court instructed that "Plaintiff may re-file after the opt-out period has closed." See id.

In accordance with this Court's Opinion and Order, on December 23, 2020, Plaintiff filed a Motion to Approve Class Notice and Opt-Out Form. See Docket Entry No. 15. On July 14, 2021, this Court granted Plaintiff's Motion, ordering that all Class Members "shall have forty-five (45) days from the date of mailing the Class Notice in order to execute and return the Exclusion/Opt-Out Forms." See Docket Entry No. 18. At the time of the filing of this Motion, more than forty-five (45) days has passed since the date Plaintiff mailed Class Notice and the Exclusion/Opt-Out Forms and as such, all Class Members have received proper notice and have had the opportunity to opt-out of said judgment[1].

## II.     ARGUMENT

"Once the clerk has entered a default, the party seeking the default must then apply to the court for an entry of a default judgment." Eastern Elec. Corp. v. Shoemaker Constr. Co., 652 F.Supp. 2d 599, 604 (E.D. Pa. 2009); Fed. R. Civ. P. 55(b)(2). The court is then "authorized to enter a default judgment based solely on the fact that the default has occurred." Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev., 992 F.2d 168, 177 n. 9 (3d Cir. 1990).

"A consequence of the entry of a default judgment is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (quoting 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure, § 2688 at 444 (2d ed. 1983) (citing Thomson v. Wooster, 114 U.S. 104, 29 L. Ed. 105, 5 S. Ct. 788 (1885))); see also Fed. R. Civ. P. 8(d). Where, as here with respect to the Class Members, "[i]f damages are not for a sum certain or for a sum which can

---

[1] At the close of the 45-day period, two (2) individuals have returned executed Exclusion/Opt-Out Forms See Docket Entry No. 20 and 21.

4

by computation be made certain," under Fed. R. Civ. P. 55(b)(1), "the court may conduct such hearings or order such references as it deems necessary and proper." Comdyne I, 908 F.2d at 1149 (quoting Fed.R.Civ.P. 55(b)(2)). Where, as here with respect to Plaintiff, in evaluating the extent of damages under a default, the Court may make its determination by receiving detailed affidavits from the claimant. Durant v. Husband, 28 F.3d 12, 15 (3d Cir. 1994).

Thus, for the purpose of assessing liability by default judgment, the Court accepts the legally sufficient allegations as true. The Court should do so here, where the simple facts underlying liability have been so established. To wit, the WARN Act "provides protection to workers, their families, and communities by requiring employers to provide notification sixty (60) calendar days in advance of plant closings and mass layoffs." 20 CFR §639.1(a). Aggrieved employees who suffer an employment loss may file a civil action against an employer that orders a plant closing or mass layoff without giving its employees the required sixty (60) day advance notice. See 29 U.S.C. § 2104(a). "[A] person seeking to enforce such liability…may sue either for such person or for other persons similarly situated or both, in any district court…in which the violation is alleged to have occurred…" Id. at § 2104(a)(5); see also Campbell v. A-P-A Transp. Corp. (In re A-P-A Transp. Corp. Consol. Litig.), No. 02-3480, 2005 U.S. Dist. LEXIS 28122, at *3-4 (D.N.J. Nov. 15, 2005).

As set forth in the Complaint and the factual recitation above, the particular elements of liability under the WARN Act are easily met here. Defendant is an "employer" under the WARN Act, which is defined as "any business enterprise that employs…100 or more employees." 29 U.S.C. § 2101(a)(1)(A); see Complaint at ¶¶ 14, 28, 29. An "aggrieved employee" is "an employee who has worked for the employer ordering the plant closing or mass layoff…who did not receive timely notice…" 29 U.S.C. § 2104(a)(7). The Class Members are so aggrieved. See Complaint

at ¶¶ 5, 6, 13-15, 34-37. On or within thirty (30) days of February 9, 2019, Defendant caused a "plant closing" within the meaning of the WARN Act: "the permanent or temporary shutdown of a single site of employment, or one or more facilities or operating units within a single site of employment." 29 U.S.C. § 2101(a)(2); see Complaint at ¶¶ 6, 14, 30. Defendant failed to pay wages and benefits to the Class Members for the sixty (60) day notice period required by the WARN Act. See Complaint at ¶ 38.

The New Jersey WARN Act is essentially an analogue of the federal WARN Act and is usually interpreted in the same way. See DeRosa v. Accredited Home Lenders, Inc., 420 N.J. Super. 438, 453-54, 22 A.3d 27, 36 (N.J. Super. App. Div. 2011). Thus, the same facts pled as to the WARN Act establish liability under the New Jersey WARN Act. To wit, the Complaint pleads that Defendant had one hundred and fifty-seven (157) employees, laid all those employees off on February 9, 2019, closed all of its facilities or plants that day, that Plaintiff and Class members were employees of Defendant, and that Plaintiff and Class Members received less than sixty (60) days' notice of the closures. See Complaint at ¶¶ 1, 4-6, 13, and 14. Additionally, because the New Jersey WARN Act also provides for severance pay to aggrieved employees, it is relevant that Defendant failed to make such payments. See Complaint at ¶ 56.

Thus, the Complaint has clearly pled all of the elements of a WARN Act and New Jersey WARN Act cause of action and default judgment is warranted as to liability. The Plaintiff and Class Members seek under the WARN Act respective wages, salary, commissions, bonuses, accrued holiday pay, pension and 401(k) contributions, and health benefits for sixty (60) days from their respective terminations and under the New Jersey WARN Act one week of several pay for each year of employment. See Complaint at ¶38 and ¶56. With respect to the Class Members, some of the salary and benefits information needed to determine damages is within possession of

Defendant and/or former employees of Defendant. Plaintiff therefore asks for the Court to order the Defendant to produce employee information as set forth in the Proposed Order attached hereto, for ninety (90) days to conduct discovery with respect to damages, and for the Court to set a date approximately forty-five (45) days thereafter for an evidentiary hearing regarding damages for Class Members.

With respect to Plaintiff, Plaintiff's application is being made in accordance with the Federal Rules of Civil Procedure and the case law set forth above. See Anchorage Accoc., *supra* ("the Court is authorized to enter a default judgment based solely on the fact that default has occurred. By way of summary, and as set forth in detail for the Court's convenience in Exhibit A, Plaintiff is seeking default judgment in the amount of $164,212.00, based on (1) Plaintiff's backpay for a period of sixty (60) days, pursuant to Plaintiff's Second and Fourth Claim for Relief (See Complaint, Docket Entry No. 1 at ¶38 and ¶56), in the amount of $21,536; (2) Plaintiff's accrued holiday pay and benefits, pursuant to Plaintiff's Second and Forth Claim for Relief (See Complaint, Docket Entry No. 1 at ¶38 and ¶56), in the amount of $13,460; and (3) One week of severance pay for each year of employment, pursuant to Plaintiff's Fourth Claim for Relief (See Complaint, Docket Entry No. 1 at ¶56), in the amount of $129,216. In sum, Plaintiff requests judgment in the amount of $164,212.00, plus interest on the judgment at the legal rate until the judgment is satisfied.

### III. CONCLUSION

For all these reasons, Plaintiff respectfully requests that the Court grant default judgment as to liability on the WARN Act and the New Jersey WARN Act claims for Plaintiff and Class Members; grant default judgment in the amount of $164,212.00 for Plaintiff; and schedule an evidentiary hearing to assess damages for Class Members.

          Respectfully submitted,

          MURPHY LAW GROUP, LLC

           */s/ Andrew J. Schreiber*
          Andrew J. Schreiber, Esq.
          Michael Murphy, Esq.
          Eight Penn Center, Suite 2000
          1628 John F. Kennedy Blvd.
          Philadelphia, PA 19103
          TEL: (267) 273-1054
          FAX: (215) 525-0210
          murphy@phillyemploymentlawyer.com
          aschreiber@phillyemploymentlawyer.com
          *Attorneys for Plaintiff*

Dated: December 06, 2021

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

| | | |
|---|---|---|
| BERNARD HEINZ, | : | CIVIL No.: 1:19-cv-08778-RBK-KMW |
| Plaintiff, | : | |
| v. | : | |
| DUBELL LUMBER COMPANY, | : | |
| Defendants. | : | |

---

## ORDER FOR DEFAULT JUDGMENT

**THIS MATTER** having been brought before the Court on Motion of Plaintiff and Class Representative, Bernard Heinz, by and through counsel, Murphy Law Group, LLC, for and on behalf of the Class Members as defined in this Court's Order Granting the Certification of Classes in the above-captioned matter, for Default Judgment in the above-captioned matter, and the Court having considered this matter, the submissions of the parties, oral arguments, and the record herein, and for good cause having been shown;

**IT IS** on this _____ day of _____, 2021, **ORDERED** and **ADJUDGED** that Plaintiff's Motion is hereby **GRANTED**, and **DEFAULT JUDGMENT** is hereby entered against Defendant, DuBell Lumber Company, as to Plaintiff in the amount of $164,212.00 and as to the Class Members on the issue of liability; and

**IT IS FURTHER ORDERED** that Defendant is to produce to Plaintiff's counsel, within fourteen (14) days of service of this Order, the following items:

(a) A list of all Class Members as defined in this Court's Order Granting Plaintiff's Motion for Class Certification;

(b) For each Class Member, their last known address, phone number, dates of employment, and last rate of pay;

(c) For each Class Member, if their last rate of pay differs from any earlier rate of pay, a list of the different rates of pay and how many weeks the Class Member was paid at each rate.

**IT IS FURTHER ORDERED** that Plaintiff is hereby given ninety (90) days to conduct discovery in order to identify, notify, and determine damages for each Class Member; and

**IT IS FURTHER ORDERED** that on the _____ day of _____, 2022, an evidentiary hearing will be held in order to set damages for each Class Member and enter final judgment in this matter.

**SO ORDERED.**

BY THE COURT:

DATE: _____   _____

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BERNARD HEINZ, | : CIVIL No.: 1:19-cv-08778-RBK-KMW |
| Plaintiff, | : |
| v. | : |
| DUBELL LUMBER COMPANY, | : |
| Defendants. | : |

## DECLARATION OF MICHAEL MURPHY, ESQ.

I, Michael Murphy, hereby state, under penalty of perjury that the following facts are true and correct:

1. I am the founding member of Murphy Law Group, LLC ("MLG"), Eight Penn Center, Suite 2000, 1628 John F. Kennedy Blvd., Philadelphia, PA 19103, and I represent Plaintiff Bernard Heinz ("Plaintiff") and the classes of similarly situated former employees of Defendant in the above-captioned action ("Class Members").

2. I make this Declaration in support of Plaintiff's and Class Members' Renewed Motion for Default Judgment. All information is current up to and until December 03, 2021.

3. On March 21, 2019, copies of the Complaint and Waivers of Service forms in the above-captioned matter were mailed to Defendant.

4. On May 7, 2019, the waiver form was executed by John Bambach, who is authorized by law to accept service of process for Defendant, on behalf of Defendant. See Waiver of Service, Docket Entry No. 4.

5. The executed waiver of service was filed with this Court on May 8, 2019. See

Waiver of Service, Docket Entry No. 4.

6. Defendant's Answer or other responsive pleading was due on May 20, 2019. See Waiver of Service, Docket Entry No. 4.

7. Defendant has not answered or otherwise appeared in the above-captioned action, nor has any representative contacted this office to request an extension of time to answer or otherwise appear.

8. Upon Plaintiff's request, Default was entered by the Clerk on May 28, 2019. See Request for Default, Docket Entry No. 5 and subsequent unnumbered Docket Entry.

9. Upon information and belief, Defendant DuBell Lumber Company is a business and not an infant or an incompetent person.

10. Plaintiff and Class Members request default judgment to be ordered.

11. Plaintiff is entitled to default judgment in the following amounts:

a. Backpay for a period of sixty (60) days pursuant to Plaintiff's Second and Forth Claim for Relief in the amount of $21,536[1];

b. Accrued holiday pay and benefits pursuant to Plaintiff's Second and Forth Claim for Relief in the amount of $13,460[2]; and

c. Severance pay in the amount of one week for each year of employment pursuant to Plaintiff's Fourth Claim for Relief in the amount of $129,216[3].

---

[1] At the time of Plaintiff's termination, Plaintiff was earning $129,200 per year; $10,768 per month; and $2,692 per week. Therefore, a sixty (60) day backpay calculation using the aforementioned figures amounts to $21,536.

[2] At the time of Plaintiff's termination, Plaintiff's accrued benefits entitled him to five (5) weeks of Personal Time Off (PTO) paid at Plaintiff's salary. Therefore, a calculation using Plaintiff's $2,692 per week salary amounts to $13,460.

[3] At the time of Plaintiff's termination, Plaintiff's was employed by Defendant for forty-eight (48) years. Therefore, a calculation using Plaintiff's $2,692 per week salary amounts to $129,216.

12. In sum, Plaintiff requests judgment in the amount of $164,212.00, plus interest on the judgment at the legal rate until the judgment is satisfied.

13. Class Members are entitled to default judgment in an amount to be determined at the damages hearing, plus interest on the judgment at the legal rate until the judgment is satisfied.

**I HEREBY DECLARE, SUBJECT TO PENALTY OF PERJURY, THAT THE ABOVE IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF.**

Date: December 06, 2021    */s/ Michael Murphy*
Michael Murphy, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
*Attorney for Plaintiff*